FILED FEB 12 2018 Clerk, U.S. Courts District Of Montana Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, <br><br> Petitioner, <br><br> vs. <br><br> MICHAEL FLETCHER, <br><br> Respondent. | Cause No. CV 17-168-BLG-DLC-TJC <br><br> ORDER |

This case comes before the Court on Petitioner Lionel Scott Ellison's application for writ of habeas corpus under 28 U.S.C. § 2254. Ellison is a state prisoner proceeding pro se.

On January 2, 2018, Ellison was ordered to show cause as to why his petition should not be dismissed as time-barred. (Doc. 5). Ellison responded to the Court's order, although it appears he was operating under the mistaken belief that Findings and Recommendations had already issued recommending dismissal of Ellison's petition. *See generally* (Doc. 6). No such recommendation has been made.

I. **New 28 U.S.C. §2254 Petition/Motion to Amend**

On January 12, 2018, Ellison, along with eleven other pro se prisoners, filed what has been characterized as an "en masse petition for writ of habeas corpus- 28 USC §2254 as per Rule 23 of the Federal Rules of Civil Procedure," seeking to challenge the constitutionality of the criminal charging process utilized by the State

1

of Montana. *See* (Doc. 7 at 18-32). Ellison has also filed a Motion to Proceed in Forma Pauperis (Doc. 7-2), a Motion to Dismiss (Doc. 7-1), and a Motion for Copies (Doc 7-4).

Generally, second or successive habeas petitions are subject to the Antiterrorism and Effective Death Penalty Act's (AEDPA) stringent standards for obtaining relief. 28 U.S.C. §2244(b). But when a federal pro se habeas corpus petitioner files a new petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than treating it as an unauthorized second or successive petition. *Woods v. Carey*, 535 F. 3d 886, 888-90 (9th Cir. 2008). Thus, the Court will construe Ellison's most recent filing as a motion to amend his petition in the above-referenced matter. The motion will be granted and the Court will consider Ellison's new claims, in addition to his original petition (Doc. 1) and his response to this Court's order to show cause (Doc. 6).

II. **Motion to Proceed in Forma Pauperis**

Ellison has moved this Court to proceed in forma pauperis. (Doc. 7-2). Because the Court has already granted Ellison in forma pauperis status, *see* (Doc. 5 at 6), his pending motion will be denied as moot.

III. **Motion for Copies**

The Court previously granted Ellison's limited request for copies of his

original petition and exhibits. (Doc. 6 at 7). Although Ellison has been granted leave to proceed in forma pauperis, this designation merely authorizes him to file an action without prepayment of the filing fee. *See* 28 U.S.C. §1915.

Ellison cites 28 U.S.C. §2250 in support for his request. Section 2250 of the United States Code provides: "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. §2250. A §2250 requests "rests within the discretion of the judge presiding in the case" who may decide what, if any, copies should be provided to an indigent habeas petitioner. *See Foss v. Martel*, No. 09-cv3551, 2011 WL 2414512, at *2-3 (E.D. Cal. June 10, 2011); *see also Chessman v. Teets*, 239 F. 2d 205, 214 (9th Cir. 1956).

Ellison has now requested copies of the amended petition and the corresponding motions. (Doc. 7-4). But given the nature of the voluminous and duplicative filings in this case and in the companion cases of *Podry et. al.*, CV-18-24-DLC-JTJ, Pet. (filed January 31, 2018) and *Bruinsma et. al.*, CV-18-21-DLC-TJT, Pet. (filed January 29, 2018), the Court believes it is unnecessary and a poor use of judicial resources to provide Ellison with the requested documents.

3

Accordingly, Ellison's motion for copies will be denied at this time.

IV. **Motion for Joint Action**

Ellison again seeks to proceed in a group along with the ten other petitioners with whom he originally filed. The group was previously advised that each petition would be treated individually and as a separate filing. In the renewed "Joint Action to Stay Joined as One Action as per Red. R. Civ. P. Rule 20(a)," *see* (Doc. 10), Ellison again seeks "en masse" filing status. The Motion will be denied.

As set forth above, the Court notes that two additional other groups of "en masse" petitioners have sought to proceed as a class and raise the same claim Ellison's initial group raised. See, *Podry et. al.*, CV-18-24-DLC-JTJ and *Bruinsma et. al.*, CV-18-21-DLC-TJT. All petitioners will be treated in the same manner; each must proceed individually.

Rule 12 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied in a habeas action "to the extent they are not inconsistent with any statutory provisions" or the § 2254 Rules. In order to qualify for federal habeas relief, a petitioner must meet certain prerequisites. State judicial remedies must be exhausted with respect to each claim raised. A petitioner generally may not proceed with claims that were defaulted in state court, but he might be able to excuse a default. He must comply with the federal statute of limitations, either by filing on time or by asserting entitlement to equitable tolling,

4

or he must demonstrate that his untimeliness may be excused because he did not commit the crime of which he was convicted. The Court no longer has jurisdiction over some petitioners' claims, because they have already litigated one federal habeas petition to conclusion. Any new petition challenging their convictions is "second or successive" and must be pre-authorized by the Court of Appeals for filing in this Court. *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). All of these issues—exhaustion, default, timeliness, and second-or-successive filings—can only be adjudicated on an individual basis.

Presumably, Ellison believes the Court may decide the constitutional issue first and then sort out their individual entitlements to relief. But courts generally do not pronounce on constitutional questions unless it is necessary to do so. Even in a federal habeas action, the doctrine of constitutional avoidance is generally followed to the extent of first ascertaining a petitioner meets the prerequisites for habeas relief and only deciding the constitutional question if a decision doing so will not amount to an advisory opinion. *See, e.g., Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (stating that procedural issues should "ordinarily" be decided first).

In addition, the law allows a court to *deny* a meritless claim without regard to the highly individualized issues of exhaustion, timeliness, and default. *See, e.g.*, 28 U.S.C. § 2254(b)(2); *Lambrix*, 520 U.S. at 525 (stating that "[j]udicial

5

economy" might support prioritizing issues "easily resolvable against the habeas petitioner"). But deciding the merits immediately in this case would pose a significant fairness issue. Both the Supreme Court and the Court of Appeals have ruled that potentially unwary pro se habeas petitioners must occasionally be warned or protected against 28 U.S.C. § 2244(b)'s restriction on "second or successive" petitions. *See, e.g., Castro v. United States*, 540 U.S. 375, 377 (2003) (requiring courts to warn a pro se litigant of intent to recharacterize a document as a habeas petition); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (requiring courts to construe new petition as motion to amend any contemporaneously pending petition in order to avoid second or successive restrictions). Here, any individual petitioner might have other viable federal habeas claims, yet be prevented from ever filing them, merely because insistent fellow prisoners convinced him to stand in with them in filing a habeas petition that alleges a single and utterly meritless claim. *See* 28 U.S.C. § 2244(b).

In practical terms, too, prisoners who wish to proceed pro se and in a group constantly face the prospect of transfer within an institution or transfer out to a different institution. Each pro se litigant must sign and file for himself. *See* 28 U.S.C. § 1654. No pro se litigant may sign a document for anyone else, because that is the practice of law. The Court will not interfere in prison management by ordering the prison to keep all petitioners together, or by requiring the prison to

provide time and space for them to meet together and discuss legal issues. It is not feasible to allow "en masse" pro se prisoner litigation.

For all these reasons, the Court finds that joinder under Fed. R. Civ. P. 20 is inconsistent with 28 U.S.C. §§ 2244 and 2254. Further, in view of the individualized prerequisites to habeas relief, no petitioner can be adequately "representative" of any other petitioner, *see* Fed. R. Civ. P. 23(a), and no petitioner can "fairly and adequately protect the interests of the class," *see* Fed. R. Civ. P. 23(a)(4). Rule 23 is also inconsistent with 28 U.S.C. §§ 1654, 2244 and 2254.

Federal Rules of Civil Procedure 20 and 23 will not be applied in this action. *See* Rule 12, Rules Governing § 2254 Cases; *cf. Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). As previously stated, the Court will treat the "en masse" filing as individual petitions under 28 U.S.C. §2254. Ellison must proceed separately; his Motion for Joint Action (Doc. 10) is **DENIED**.

V. **Motion to Appoint Counsel**

Ellison filed a motion for the appointment of counsel. Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez,* 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the

7

interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Ellison's case is not so complex that his right to due process will be violated if counsel is not appointed. Because it appears that some of his claims may be time-barred, it is unclear at this juncture if he will be able to proceed with those claims. Ellison was directed in the Order to Show Cause to explain why his untimeliness may be excused, and he has filed his response. The newest claim Ellison raises regarding the criminal charging process utilized by the State of Montana is not an unusually complex claim, and it is a claim with which the Court is familiar. Ellison does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel. Ellison's Motion to Appoint Counsel (Doc. 11) is **DENIED**.

**ORDER**

1. Ellison's motion to Amend (Doc. 7) is GRANTED. The Court will consider the new claims raised by Ellison, in addition to those contained in his original petition (Doc. 1) and in his response to this Court's order to show cause (Doc. 6).

2. Ellison's motion to proceed in forma pauperis (Doc. 7-2) is DENIED as moot.

3. Ellison's motion for copies (Doc. 7-4) is DENIED at this time.

4. Ellison's Motion for Joint Action (Doc. 10) is DENIED.

5. Ellison's Motion to Appoint Counsel (Doc. 11) is DENIED.

<u>Ellison must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of February, 2018.

_____
Timothy J. Cavan
United States Magistrate Judge