IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, <br><br> Petitioner, <br><br> vs. <br><br> MICHAEL FLETCHER, <br><br> Respondent. | Cause No. CV 17-168-BLG-DLC-TJC <br><br> ORDER |

This case comes before the Court on Petitioner Lionel Scott Ellison's application for writ of habeas corpus under 28 U.S.C. § 2254. Ellison is a state prisoner proceeding pro se. Although the Court previously addressed several of Ellison's motions, *see* (Doc. 15), the Court neglected to address Ellison's motion for recusal. (Doc. 12.)

**Motion for Recusal**

In this case, Ellison is challenging the constitutionality of Montana's state criminal charging procedure. The basis for Ellison's current request for recusal appears to be twofold.[1] Apparently, an unidentified individual heard an unidentified Montana State Prison employee state "the Feds ain't going to help you, MSP and our Union own all the Judges in Montana." *Id*. Additionally,

---

[1] This motion was originally filed jointly with other "en masse" habeas petitioners. The petitioners were treated individually and separate filings were opened for each. *See e.g.*, (Doc. 15 at 4).

1

Ellison apparently believes that no member of the federal judiciary can adjudicate this matter fairly "due to the fact that all of the Federal Judges came originally from and were 'schooled' through the state judge ranks, or as prosecutors or attorneys that most assuredly were involved in and party to the unconstitutional 'information and Belief' procedure instead of following the U.S. Constitution and the use of a Grand Jury Indictment." *Id.* at 2. Ellison also cites the purported relationships the federal judiciary has with Montana state attorneys and state judges. *Id*. In support of the motion, Ellison cites 28 U.S.C. § 455 and 28 U.S.C. § 144.

### a. 28 U.S.C. § 455

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for creation of apparent bias sufficient to require dismissal under [Section 455] is an objective one: 'whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F. 2d 315, 321 (9th Cir. 1983). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F. 3d 909, 914 (9th Cir. 2008). This standard does not mandate recusal upon the mere

"unsubstantiated suspicion of personal bias or prejudice." *Id*. (citations omitted). Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of [proceedings]." *Id*. at 913-14.

### b. 28 U.S.C. § 144

Section 144 requires a party to file a timely and sufficient affidavit in support of its motion for recusal. If it is determined that the affidavit alleges facts stating grounds for recusal, "the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F. 2d 864, 868 (9th Cir. 1980). To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F. 2d 735, 739 (9th Cir. 1978). The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id*. at 739-40. "Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F. 2d 944, 946 (9th Cir. 1962). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991). "[O]pinions

3

formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

When a court considers a motion under § 144, it should: (1) first evaluate whether to "grant recusal pursuant to [§544]"; and (2) if it determines that recusal is inappropriate under §544, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§144]." *Sibla*, 624 F. 2d at 868. Under §144, recusal is not automatic. "An affidavit filed pursuant to §144 is not legally sufficient unless it 'specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party stemming *from an extrajudicial source*.'" *Id.*, (emphasis in original).

### c. Analysis

Ellison has failed to establish that recusal is warranted under either statutory ground. The basis for recusal rests entirely upon conclusory statements that are unsupported by the record before this Court, by a legally sufficient affidavit, or by information obtained from extrajudicial sources.

Ellison initially provides a hearsay statement allegedly made between unidentified parties implying that the federal judiciary has been "bought out" by the Montana State Prison Employee's Union. This statement is not credible, and a

4

reasonable person would not find that such a statement forms the basis to reasonably question the impartiality of this Court. *Nelson*, 718 F. 2d at 321. Moreover, Ellison's belief that the purportedly unconstitutional charging system utilized by the State of Montana has created a culture of practice in which no attorney or judge who has practiced at some point during his or her career within the state system could be fair and impartial is, likewise, incredible. Such a belief amounts to no more than an "unsubstantiated suspicion of personal bias or prejudice" and does not support recusal. *Holland*, 519 F. 3d at 909. Additionally, Ellison has not provided an affidavit in support of the recusal motion as required by §144. While recusal is inappropriate under§544, Ellison also fails to make the requisite showing of legal sufficiency of the affidavit under the second prong of §144.

Because Ellison has not established recusal is justified under either §144 or §544, and has also failed to demonstrate any reasonable basis on which to question this Court's impartiality in this matter, the motion for recusal (Doc. 12) is **DENIED**.

/ / /

/ / /

/ / /

/ / /

<u>Ellison must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of August, 2018.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge