FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

SEP 4 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL FLETCHER,<br><br>Respondent. | CV 17–168–BLG–DLC–TJC<br><br>ORDER |

United States Magistrate Judge Timothy J. Cavan issued an order on February 12, 2018, granting Petitioner Lionel Scott Ellison's motion to amend and denying various other non-dispositive motions (Doc. 15). Ellison objected to Judge Cavan's order on February 26, 2018, claiming that it was illegally entered (Doc. 16.). Ellison's arguments are two-fold: (1) due to personal bias, Judge Cavan is disqualified from overseeing any proceedings in this case; and (2) as a magistrate judge, Judge Cavan cannot oversee class action proceedings. On August 6, 2018, Judge Cavan separately ruled on Ellison's earlier motion for recusal (Doc. 19).

The Court reviews for clear error when a party objects to the order of a magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). This Court must defer to the magistrate's order unless it is clearly

erroneous or contrary to law. *Id.* Here, because Ellison's objection is to Judge Cavan's February 12, 2018 order, the issue is whether Judge Cavan clearly erred by exercising jurisdiction at that time.

Here, clear error cannot be found. Ellison's argument that Judge Cavan must recuse himself fails for two reasons. First, Ellison did not file an affidavit as required by 28 U.S.C. § 144. Second, Ellison has given no reason to believe that Judge Cavan may harbor any prejudice against him, as required to support a call for recusal under either 28 U.S.C. § 144 or § 455. Ellison raises only conclusory arguments regarding the perceived unfairness of the criminal justice system. Aside from general statements about the unconstitutionality of the "Montana State Judicial system . . . [,] includ[ing] all judges, pro[s]ecutors and attorney[]s that have practiced [l]aw in Montana," Ellison claims that a prison employee told him, "[T]he Feds ain't going to help you, [Montana State Prison] and our Union own all the Judges in Montana." (Doc. 12 at 1.)

As to Ellison's contention that Judge Cavan lacks jurisdiction over class action proceedings, no class action proceeding has been initiated. Ellison asked the Court to allow his claims to proceed jointly with those of other habeas petitioners (Doc. 10), but separate case files were ultimately opened for each petitioner (Doc. 15 at 4). The Court finds no clear error in Judge Cavan's

-2-

determination that an individualized inquiry into each petitioner's procedural right to bring a habeas petition is necessary, rendering joint consideration of the petitioners' cases inefficient and inappropriate (Doc. 15 at 4–5). Nor did Judge Cavan clearly err in determining that the merits of each petition could not be resolved sufficiently in an "en masse" habeas proceeding (Doc. 4–7).

IT IS ORDERED that Petitioner's Objection (Doc. 16) is OVERRULED.

DATED this 4th day of September, 2018.

Dana L. Christensen, Chief Judge
United States District Court