IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
FEB 2 5 2020
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 17–168–BLG–DLC–TJC |
| Petitioner, | |
| vs. | ORDER |
| MICHAEL FLETCHER, | |
| Respondent. | |

Three matters are before the Court: (1) United States Magistrate Judge Timothy J. Cavan's Order and Findings and Recommendation (Doc. 28); (2) Montana State Prisoner Lionel Scott Ellison's Motion for Hearing (Doc. 30); and (3) Ellison's Notice re Recusal (Doc. 31). For the reasons that follow, Judge Cavan's Findings and Recommendation will be adopted in full and Ellison's remaining motions will be denied. Because the factual background is detailed in the Findings and Recommendation, it will not be restated here.

I.   **The Findings and Recommendation**

Judge Cavan recommended that Ellison's petition for habeas corpus under 28 U.S.C. § 2254 be dismissed as time-barred without excuse. (Doc. 28 at 19.) Ellison timely objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*,

1

328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Cavan recommended dismissing Ellison's petition as untimely. (Doc. 28 at 7.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on all habeas petitions. 28 U.S.C. §§ 2254, 2255(f). Judge Cavan observed that even with the benefit of statutory tolling, Ellison's petition was nearly four years too late. (*Id.* at 7.) While a petitioner's failure to comply with AEDPA's statute of limitations may be excused by equitable tolling or a credible showing of actual innocence, the Magistrate Judge determined that Ellison had failed to demonstrate either. He found that Ellison was not entitled to equitable tolling because he did not meet his burden to show that "extraordinary circumstances prevented him from timely filing," and he did not demonstrate actual innocence because he failed to present any "newly discovered evidence" that would support a claim of factual innocence. (*Id.* at 11, 15.)

Ellison filed a ten-page response to the Findings and Recommendation, most of which addresses the merits of his petition and generally claims that the Court should grant relief for the various alleged constitutional violations, timeliness

aside. (Doc. 29 at 2.) As already explained to Ellison, the Court cannot reach the merits of his petition unless it determines that there is reason to excuse its untimeliness. (Doc. 5 at 2–3.) The Court will therefore respond only to Ellison's arguments that address these two threshold issues.

A. Equitable Tolling

Equitable tolling excuses an untimely petition where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). A petitioner must show that she has been diligently pursuing her rights and that some extraordinary circumstance stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Ellison argues that the external factor that impeded his ability to timely file a petition was his 2010 abduction and the threats made to his attorney by the Yellowstone County Police Department in an attempt to interfere with his representation. (Doc. 29 at 5–6.)

As noted by Judge Cavan, Ellison cannot rely on his alleged abduction to excuse his untimely petition because he had plenty of time to file a timely petition after the July 10, 2010 incident. (Doc. 28 at 8.) Between 2010 and the date his federal habeas petition expired, Ellison was able to file numerous appeals and lawsuits challenging both his arson conviction and another unrelated matter. (Doc. 28 at 10.) As for Ellison's argument that Yellowstone officers threatened his

3

attorney, the Findings and Recommendation notes that she successfully represented Ellison on appeal of his petition for postconviction relief. (*Id.*) Furthermore, Ellison cannot claim that any troubles he might have encountered finding counsel to represent him impeded his ability to file a timely petition when Ellison has more than demonstrated his ability to litigate on his own behalf. Reviewing the evidence de novo, Judge Cavan is correct that Ellison does not provide any convincing justification that would entitle him to equitable tolling.

### B. Actual Innocence

A credible showing of actual innocence can excuse an untimely habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To show actual innocence, a petitioner must demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence is a narrow gateway, *McQuiggin*, 569 U.S. at 387, reserved for cases of "factual innocence, not mere legal insufficiency," *Bousley*, 523 U.S. at 623.

Ellison was charged with arson after a car belonging to his ex-girlfriend caught fire and burned. (Doc. 28 at 1–2.) Judge Cavan found that Ellison failed to meet the actual innocence standard because the evidence he offered in support of his innocence was not "newly discovered." (Doc. 28 at 13.)

Ellison argues that he can demonstrate actual innocent because the evidence contained in the offer of proof, read in light of the subsequent evidence contained in his petition, is insufficient for a conviction.[1] Ellison argues that a report of the video footage prepared by Douglas McShane undercuts the prosecution's arson theory. (Docs. 1 at 12; 29 at 3.) He provides the affidavit of Debbie Harris to attest to his innocence. (Docs. 1-1 at 12–14; 29 at 4.) Finally, he argues that there were breaks in the chain of custody of his ex-girlfriend's car which calls the State's case into question. (*Id.*)

Ellison's arguments regarding the chain of custody are unavailing. Not only does Ellison fail to substantiate this claim with anything other than his own testimony, evidence of a broken link in the chain of custody would have been available to challenge at the time of trial and therefore would not satisfy the "newly discovered" criteria for actual innocence. Further, as noted by Judge Cavan, Douglas McShane's analysis and report of the video footage was prepared in 2011. (Doc. 1 at 10–12.) The Harris affidavit was prepared in 2008. (*Id.* at 14–16.) Reviewing Ellison's claim of actual innocence de novo, the Court agrees

---

[1] Ellison's argument that he is actually innocent because subsequent evidence calls into question the State's case against him bleeds into his argument on the merits that the state introduced insufficient evidence to meet the elements of arson. (*See* Doc. 28 at 6.) Setting aside the fact that actual innocence requires more than a claim of insufficiency of evidence, *House v. Bell*, 547 U.S. 518, 538 (2006), the Court will consider Ellison's arguments only to the extent of whether he has met the actual innocence standard.

5

with Judge Cavan. Ellison presents no "newly discovered" evidence to excuse his untimely filing. (*See* Doc. 28 at 13–14.) Because jurists of reason could not disagree with the Court's decision, a certificate of appealability will be denied.

## II. Motion for Hearing

Ellison next argues that he is entitled to a *Franks*[2] hearing because he claims there were multiple discrepancies between the "documented evidence" and the findings issued by Judge Cavan. (Doc. 30 at 1.) Ellison contends that he has met the standard for a *Franks* hearing because he submitted evidence indicating that the affidavit of Scott Twito—which the State relied upon in its offer of proof—contained false statements. (Doc. 30 at 2 (referring to Doc. 29 at 3).)

The standard for a *Franks* hearing is not the applicable standard here. The Court will construe Ellison's request for a *Franks* hearing as a request for a hearing on his claim of actual innocence, which is a matter entirely within the Court's discretion. *Seidel v. Merkle*, 146 F.3d 750, 754 (9th Cir. 1998); *Jacobs v. Lanterman Developmental Ctr.*, 64 F. App'x 98, 100 (9th Cir. 2003) (unpublished).

A hearing is not necessary to resolve any discrepancies between Ellison's evidence and Judge Cavan's findings. The Court has reviewed Ellison's claim de novo and agrees with Judge Cavan that he has failed to present any "newly

---

[2] In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court developed a test to determine when a defendant is entitled to a hearing to challenge the validity of information supporting a search warrant.

6

discovered" evidence in support of his innocence. The Court will deny Ellison's request for a hearing.

**III. Recusal**

Finally, Ellison filed a "Notice of Recusal" which the Court will construe as a request to disqualify Judge Cavan.[3] Ellison asserts that Judge Cavan's recommendation to deny his petition must stem from his "local political views." (Doc. 31 at 3.) He asserts that "no reasonable jurist in jurisdictions outside of Yellowstone County could or would follow Magistrate Cavan[']s Findings and Recommendations as valid." (Id. at 3.)

The Court has reviewed Judge Cavan's Findings and Recommendation de novo and reached the same conclusions. The equitable exceptions to set aside an untimely petition are present only in rare and extraordinary cases. *Bell*, 547 U.S. at 536. These types of claims are "rarely successful." *Id.* at 538. Having carefully reviewed Ellison's petition and his objections to the Findings and Recommendation, the Court is convinced that Ellison simply has not met the standard necessary to obtain relief. Accordingly, there is no evidence that Judge Cavan's legal determination was based on anything other than an impartial view of

---

[3] Because the Court will dismiss Ellison's petition with prejudice, his motion to disqualify Judge Cavan is arguably moot. Nevertheless, the Court will briefly address his general contention that the Findings and Recommendation issued by Judge Cavan is unfair and results from local bias.

7

the law and facts of this case. Ellison's request to disqualify Judge Cavan's will be denied.

IT IS ORDERED that Judge Cavan's Findings and Recommendation (Doc. 28) is ADOPTED in full.

1. Ellison's Petition (Doc. 1) is DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk of Court is directed to enter a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Ellison's request for a hearing (Doc. 30) is DENIED.

IT IS FURTHER ORDERED that Ellison's Notice re Recusal (Doc. 31) is DENIED.

DATED this 25th day of February, 2020.

Dana L. Christensen, Chief Judge
United States District Court